# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ARLENE M. RIVERA,**

              **Plaintiff,**

**-vs-**                                         **Case No. 6:08-cv-1936-Orl-28GJK**

**VANGUARD CAR RENTAL USA, INC.,**

              **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT (Doc. No. 5)** |
| **FILED:** | **December 22, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

> **MOTION:** PLAINTIFF'S MOTION TO CONTINUE MY COMPLAINT (Doc. No. 10)
>
> **FILED:** January 7, 2009
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

### A. The Complaint

On November 14, 2008, *pro se* Plaintiff Arelene M. Rivera (the "Plaintiff") filed a complaint (the "Complaint") against Vanguard Car Rental USA, Inc. (the "Defendant") alleging sexual harassment, discrimination, and retaliation. Doc. No. 1. The Complaint, containing seven single-spaced, lengthy paragraphs, describes Plaintiff's attempts to bring two sexual harassment and discrimination charges against the Defendant with the Equal Employment Opportunity Commission (the "EEOC") and the Orlando Office of Human Relations (the "OHR"). Doc. No. 1. In the second and third paragraphs of the Complaint, Plaintiff describes how OHR generally frustrated and tried to prevent her attempts to file charges against the Defendant. Doc. No 1 at 2-3. In the fourth paragraph of the Complaint, Plaintiff states that on October 9, 2008, she attended mediation with the Defendant and was represented by counsel. Doc. No. 1 at 3. Plaintiff states that her attorney forced her to sign an agreement which she did not agree with or understand. Doc. No. 1 at 3. Plaintiff states that once she signed the agreement she was fired. Doc. No. 1 at 3. Plaintiff maintains that the agreement was not made in good faith and that she has subsequently suffered retaliation by the Defendant because she is no longer allowed on Defendant's property,

she lost all her vacation and sick leave time, and she is no longer eligible for being rehired. Doc. No. 1 at 3. Plaintiff acknowledges that after signing the agreement, she accepted a check in the amount of $3,250.00. Doc. No. 1 at 3. In the seventh paragraph of the Complaint, Plaintiff states the following:

> I will like to file a complaint against Mr. Ross the Supervisor. Ms. Shirley James the Director [of OHR] and Ms. Virginia Moore the mediator from [OHR]. . . . They have been discriminating me . . . and violating my rights. They have not considered me at all. I will ask for all of these issues to go under further investigation. . . .

Doc. No. 1 at 4. In the Complaint, Plaintiff does not, in any way, describe the sexual harassment or discrimination she suffered by the Defendant. See Doc. No. 1. Plaintiff does not allege a basis for the Court's jurisdiction or attach the agreement to the Complaint. *See* Doc. No. 1. In the Complaint, Plaintiff generally alleges that she continues to suffer damages, including depression, and that the $3,250.00 she received is not enough to cover all her damages. Doc. No. 1 at 3-4.

### B. The Motion

On December 22, 2008, before filing an answer, the Defendant filed the instant Motion for Summary Judgment, or Alternatively, Motion to Dismiss or for More Definite Statement (the "Motion"). Doc. No. 5. In the Motion, Defendant states that on October 9, 2008, the parties attended a formal mediation through OHR regarding Plaintiff's two charges of discrimination and all other disputes between the parties. Doc. No. 5 at 1. Defendant asserts a settlement was reached between the parties and they executed two settlement agreements – a Separation

Agreement and Release ("the Release") and a Negotiated Settlement Agreement ("the Agreement"). Doc. No. 5 at 1-2.[1]

Regarding the Release, Defendant asserts that Plaintiff "unconditionally released and forever discharged [Defendant] from 'ANY AND ALL causes of action, suit, damages, claims and demands whatsoever' which [Plaintiff] has, ever had or may have against [Defendant]." Doc. No. 5 at 2 (citing Doc. No. 5-2 at 2 ¶ 4(a)). Defendant states that the Release includes any claims arising under Title VII of the Civil Rights Act and any other federal, state, or local laws. Doc. No. 5 at 2. In exchange for executing the Release, Defendant maintains that Plaintiff received a lump sum payment of $3,250.00. *Id*. at 2. Defendant states that Plaintiff entered into the Release freely and voluntarily without duress or coercion. *Id*. (citing Doc. No. 5-2 at 4 ¶ 12).

Regarding the Agreement, Defendant asserts that Plaintiff "agreed not to institute a lawsuit based upon the charges she filed with the EEOC and OHR." Doc. No. 5 at 2 (citing Doc. No. 5-2 at 8 ¶ 1). According to the Agreement, Defendant maintains that Plaintiff acknowledged that she would not receive a Notice of Right to Sue from the EEOC or OHR. Doc. No. 5 at 2 (citing Doc. No. 5-2 at 7 ¶ 2). Moreover, Defendant states that Plaintiff executed a Request for Withdrawal of Charge of Discrimination (the "Withdrawal") for both claims of discrimination against Defendant. Doc. No. 5 at 2 (citing Doc. No. 5-2 at 10).[2]

Defendant asserts that the Complaint is a breach of the Release and Agreement. Doc. No. 5 at 3. Defendant also asserts that the Complaint raises additional claims against the OHR mediator and the attorney representing Plaintiff at the mediation, but the Complaint only names

---

[1] Defendant attaches both agreements to the Motion. Doc. Nos. 5-2 at 1-10.

the Defendant as a party. *Id*. Pursuant to the Release, Agreement, and Withdrawal, Defendant maintains that Plaintiff's claims are barred and Defendant is entitled to summary judgment as a matter of law. Doc. No. 5 at 3. Alternatively, Defendant argues that the Complaint should be dismissed for failure to state a claim and that the Court lacks subject matter jurisdiction over the claims. Furthermore, if Defendant is not entitled to summary judgment or dismissal of the Complaint, Defendant maintains that Plaintiff should be required to file a more definite statement that complies with the pleading requirements of the Federal Rules of Civil Procedure. Doc. No. 5 at 3.

### C. The Motion to Continue

On January 12, 2009, Plaintiff filed a Motion to Continue My Complaint Agist (sic) the Defendant (the "Motion to Continue"). Doc. No. 10. In the Motion to Continue, Plaintiff states that she is "still proceeding with [her] complaint" against Defendant and describes numerous alleged instances of sexual harassment and discrimination that occurred during her five years of employment with Defendant. Doc. No. 10 at 1 ¶¶ 1, 7-15. In the Motion to Continue, Plaintiff confirms that she was also discriminated against by OHR and she is seeking damages against it, and various employees of OHR. Doc. No. 10 at ¶¶ 3-4. Plaintiff states that she accepted the lump sum check because she did not have a job or other money to pay for necessary expenses. Doc. No. 10 at ¶ 4. Plaintiff again states that she was forced to sign the Release, the Agreement, and the Withdrawal against her will. *Id*. Plaintiff also acknowledges that she has not received a Notice of

---

[2] Defendant attaches the Withdrawal to the Motion. Doc. No. 5-2 at 10. The Withdrawal was executed on the same day as the Release and the Agreement. *Id*.

Right to Sue from the EEOC. Doc. No. 10 at ¶ 18. In the Motion to Continue, Plaintiff does not address any of the Defendant's substantive arguments raised in the Motion. *Id*.

    **D.**    **The Response**

On January 12, 2009, Defendant filed its Response to the Motion to Continue (the "Response"). Doc. No. 11. Defendant states that it is uncertain as to whether the Motion to Continue is a response to the Motion, an amended complaint, "or something else entirely." *Id*. at ¶ 1.

**II.**    **THE LAW AND APPLICATION**

**Summary Judgment**

A party is entitled to judgment as a matter of law when the party can show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). The substantive law applicable to the case determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Id*. at 323. In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. If the record

Right to Sue from the EEOC. Doc. No. 10 at ¶ 18. In the Motion to Continue, Plaintiff does not address any of the Defendant's substantive arguments raised in the Motion. *Id*.

    **D.**    **The Response**

On January 12, 2009, Defendant filed its Response to the Motion to Continue (the "Response"). Doc. No. 11. Defendant states that it is uncertain as to whether the Motion to Continue is a response to the Motion, an amended complaint, "or something else entirely." *Id*. at ¶ 1.

**II.**    **THE LAW AND APPLICATION**

**Summary Judgment**

A party is entitled to judgment as a matter of law when the party can show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). The substantive law applicable to the case determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Id*. at 323. In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. If the record

presents factual issues, the court must not decide them, but rather, must deny the motion and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[3]

**Rule 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or counterclaim may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). To satisfy the Rule 8 pleading requirements, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his/her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.*

---

[3] All decisions of the Fifth Circuit prior to October 1, 1981 are binding precedent on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Defendant argues that it is entitled to summary judgment as a matter of law because Plaintiff knowingly and voluntarily waived her right to bring a lawsuit against Defendant when she entered into the Release and Agreement. Doc. No. 5 at 5. "An employee may validly waive his Title VII rights in a private settlement with his employer if he knowingly and voluntarily consents to the release." *Beadle v. City of Tampa*, 42 F.3d 633, 635 (11th Cir. 1995) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n. 15 (1974)). In *Beadle*, 42 F.3d at 635, the Eleventh Circuit held that a district court should consider the following factors when determining whether a waiver is knowingly and voluntarily made: 1) the plaintiff's education and business experience; 2) the amount of time the plaintiff considered the agreement before signing it; 3) the clarity of the agreement; 4) the plaintiff's opportunity to consult with an attorney; 5) the employer's encouragement or discouragement of consultation with an attorney; and 6) the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled. *Id*.

Defendant argues that the "undisputed facts" show that the Plaintiff knowingly and voluntarily entered into the Release and Agreement in exchange for the lump sum payment of $3,250.00. Doc. No. 5 at 5. In the Complaint and the Motion to Continue, Plaintiff specifically states that she was forced against her will to enter into the Release, Agreement, and Withdrawal. Doc. Nos. 1 at 3, 10 at ¶ 2. Thus, the undersigned recommends that summary judgment is not appropriate as to the issue of whether Plaintiff knowingly and voluntarily relinquished her rights under Title VII to bring the instant action against Defendant because disputed issues of material fact exist.

Defendant also argues that it is entitled to summary judgment because the Court lacks subject matter jurisdiction over the Complaint. Doc. No. 5 at 6-7. Defendant maintains it is undisputed that Plaintiff has not received a Notice of Right to Sue from the EEOC and, according to Defendant, said notice is a jurisdictional prerequisite to the Court obtaining subject matter jurisdiction over a Title VII action for sexual harassment and discrimination. Doc. No. 5 at 6-7 (citing *Forehand v. Florida State Hosp.*, 89 F.3d 1562, 1567 (11th Cir. 1996); *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). In *Forehand*, 89 F.3d at 1567, the Eleventh Circuit specifically held that receipt of a right to sue letter from the EEOC is "not a jurisdictional prerequisite to suit in district court, but rather, is a condition precedent subject to equitable modification." *Id*. (citing *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. Unit B 1982).

Equitable modification may apply where a plaintiff receives a notice of right to sue subsequent to filing a Title VII action, but while that action remains pending. *Pinkard*, 678 F.2d at 1218-19 ("In light of the foregoing, we conclude that the receipt of statutory notice of the right to sue is not a jurisdictional prerequisite, which if not satisfied deprives courts of subject matter jurisdiction; rather, the receipt of a right-to-sue letter is a condition precedent, which on proper occasion may be equitably modified. Here, we hold that the receipt of a right-to-sue letter subsequent to the commencement of a Title VII action, but while the action remains pending, satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII."). Plaintiff has not alleged equitable modification.

In the Complaint, Plaintiff fails to allege satisfaction of all conditions precedent and, in the Motion to Continue, Plaintiff admits that she has not received a Notice of Right to Sue. *See* Doc. Nos. 1, 10 at ¶ 18. Furthermore, Plaintiff has not alleged equitable modification. Therefore, to the

9

extent the Complaint attempts to raise a Title VII claim against the Defendant, dismissal is warranted.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that the Court:

(1) GRANT in part and DENY in part the Motion (Doc. No. 5);

(2) Dismiss the Complaint without prejudice;

(3) Provide Plaintiff with an opportunity to file an amended complaint within ten (10) days;[4] and

(4) DENY the Motion to Continue (Doc. No. 10) as moot.

**The Clerk is directed to send a copy of this recommendation to Plaintiff by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 10, 2009.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[4] If Plaintiff chooses to file an amended complaint, she is reminded that a *pro se* plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, she must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the applicable substantive law.

Copies furnished to:

Presiding District Judge
Counsel of Record
**Unrepresented Party by Certified Mail**