# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ARLENE M. RIVERA,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:08-cv-1936-Orl-28GJK**

**VANGUARD CAR RENTAL USA, INC.,**

        **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO DISMISS AMENDED COMPLAINT**
>                       (Doc. No. 20)
>
> **FILED:**      July 10, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part and Plaintiff be provided an opportunity to file a second amended complaint**.

## I.    BACKGROUND

    On November 14, 2008, *pro se* Plaintiff Arlene M. Rivera (the "Plaintiff") filed a complaint (the "Complaint") against Vanguard Car Rental USA, Inc. (the "Defendant" or "Vanguard") alleging sexual harassment, retaliation, and employment discrimination. Doc. No. 1.

The Complaint describes two complaints filed with the Equal Employment Opportunity Commission (the "EEOC") and the Orlando Office of Human Relations (the "OHR") alleging sexual harassment and discrimination by Defendant. Doc. No. 1. In the Complaint, Plaintiff did not allege a basis for the Court's jurisdiction. Doc. No. 1. Moreover, Plaintiff did not, in any way, describe the sexual harassment or discrimination she suffered by the Defendant. Doc. No. 1.

On December 22, 2008, the Defendant filed a Motion for Summary Judgment, or Alternatively, Motion to Dismiss or for More Definite Statement (the "Motion for Summary Judgment"). Doc. No. 5. On April 10, 2009, the undersigned entered a report and recommendation to the district court recommending that the Complaint be dismissed without prejudice and Plaintiff be provided an opportunity to file an amended complaint within ten days. Doc. No. 12 at 10. On May 22, 2009, the Honorable John Antoon II, entered an order (the "Order") adopting the report and recommendation. Doc. No. 15. In the Order, Judge Antoon directed Plaintiff accordingly:

> Plaintiff may file an Amended Complaint within ten (10) days of the date of this Order. Plaintiff is admonished that in filing her amended complaint and pursuing her claims, she must comply with the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, the Federal Rules of Evidence and the applicable substantive law. In particular, Plaintiff's Amended Complaint must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain " <u>a short and plain statement of the grounds upon which the court's jurisdiction depends</u>" and "a short and plain statement of the claim showing that the pleader is entitled to relief."

Doc. No. 15 at 2 (emphasis added). The Court warned Plaintiff that failure to file an amended complaint within ten (10) days "will result in the dismissal and closure of this case." *Id*. at 2 ¶ 7.

On June 5, 2009, Plaintiff filed a Motion to Amend Complaint Against the Defendant (the "Motion to Amend"). Doc. No. 16. Although the Motion to Amend's title requested relief to file an amended complaint, the body of the Motion to Amend simply set forth allegations against the Defendant, did not allege a basis for the Court's jurisdiction, and did not request any specific relief. Doc. No. 16. The Court denied the Motion to Amend as moot to the extent it requested an opportunity to file an amended complaint because Plaintiff had already been directed to file an amended complaint. Doc. No. 17.[1] The Court granted Plaintiff an opportunity to file an amended complaint within ten days. *Id.* The Court again warned Plaintiff that:

> If Plaintiff chooses to file an amended complaint, she must comply with Local Rules, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the applicable substantive law as set forth in Judge Antoon's order. *See* Doc. No. 15." Failure to file an amended complaint within ten (10) days will result in the dismissal and closure of this case.

Doc. No. 17 at 3.

**The Amended Complaint**

On June 25, 2009, Plaintiff filed an amended complaint (the "Amended Complaint") stating that she wished to "[r]equest an amended complaint and an equitable modification to the agreement." Doc. No. 19. The caption of the Amended Complaint names only one defendant, Vanguard. *Id.* The Amended Complaint fails to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends," and fails to request any specific relief other than unspecified "damages". Doc. No. 19. In short, Plaintiff alleges: 1) employment

---

[1] To the extent the Motion to Amend was an attempt to file an amended complaint, the Court denied the Motion to Amend because it was not properly filed as such. Doc. No. 17.

discrimination based on race and gender; 2) sexual harassment; and 3) retaliation against the Defendant.

**Employment Discrimination**

Under the heading "GROUNDS OF EMPLOYMENT DISCRIMINATION, RETALIATION, PREFERENCE, REJECTION, VIOLATION OF MY RIGHTS AS A HISPANIC FEMALE AND EXT" Plaintiff alleges the following:

> I Arlene M. Rivera stated that I was working for [the Defendant] as a Return Agent for almost five years. On about May of 2008, I applied for a position as a Rental Agent. The position was denied to me and offer[ed] to Malty Rivera, which she did not meet the qualification for that position, she turn the position down. I have worked for other companies, like Randstad worked for Wachovia bank as a Data Entry, K-mart as a Cashier, Sales Associate and Lay-away. Toys R us as a Cashier, Sales Associate and Customer Service, I have worked as a house-keeper, house keeper supervisor for a Time Share, Marcom Corp. as a Telemarketer, Publix as a cashier and other jobs. The position for Rental Agent was not offer to me due to employment discriminating actions retaliation and preference.

Doc. No. 19 at 1. Plaintiff has stated that she is a Hispanic female, applied for the position of Rental Agent, she was qualified for that position, but she was denied that position. *Id*. Instead, Plaintiff alleges the position was offered to another female, Malty Rivera, but she turned the position down. *Id*. Plaintiff asserts that she was denied the position due to employment discrimination, but she does not specifically state whether she was discriminated against on the basis of race or gender. *Id*.

**Sexual Harassment**

Specifically, Plaintiff alleges and describes the following six instances of sexual harassment by her manager:

4

[O]n or about May of 2008, I was also being sexually harassed bye [sic] a Manager . . . at Vanguard Car Rental USA. I stated that [the manager] was making offers to me for a better position. [The manager] stated that I could stay at the Orlando location that he was going to train me here, take me to customer service and exit both, but not to make him look like a Herriot [sic]. I said no then he stated that then we need to go out and celebrate this in a club, but you have to give me a lap dance I said no got offended and humiliated walked away. That is sexual harassment.

Second incident, [the manager] had me waiting 30 – 40 minutes in the break room, after 6 pm, when it was time for me to go home. Just to tell me that he has not sent the email to Judy and he stated to me that when I was going to cook for him, I said you are a married man he said oh Arlene it is not nothing wrong with that and ext. that is sexual harassment.

Third incident, again I was called to [the manager's] office, around the time for me to go home, but this time, it was with a co-worker. . . . [The manager] was there waiting for us with his legs wide open, looking at me up and down in the wrong ways, to tell me that you got you're wish you will speak to Mr. Paul tomorrow and ext. That is sexual harassment.

Fourth incident, on another day as I was leaving, [the manager] blocked my way and asked me have I spoke to Paul yet I said no and excuse me I have to go home. That is sexual harassment.

Fifth incident, again it was time for me to go home I saw [the manager] and said to him that there is a Return Agent that needs help, as I turn my back he said to [another manager] that now he has to be dealing with this Fu-ing day care. I got offended and walked way to go home.

[S]ix[th] incident, On that same day I was on my way to clock out and a manager named Amanda tells me that [the manager] wants to speak to you, but don't run away like you always do, I said I'll wait. [The manager] walks in like 20 – 30 minutes later; we went in the office, with another manager named Dayshona and a Return Agent named Lydia. [The manager] started to make false allegation in the office, telling me that he saw me coming from a taxicab, that if I go to the bathroom about 7 to 8 time[s] and that he herd [sic] many things about me. I felt offended and humiliated in that office and

that he was intimidating and retaliating because of his sexual harassment. . . .

Doc. No. 19 at 1-2. When the above facts are read in the light most favorable to Plaintiff, she has alleged that her manager: 1) told her to give him a lap dance in return for a better position; 2) asked when she was going to cook him dinner; 3) looked at her in a sexually suggestive manner; and 4) made false allegations and became verbally abusive when his advances were rejected. *See* Doc. No. 19 at 1-2. Plaintiff alleges that she was continually offended and humiliated by her manager's conduct. *Id*.

### Retaliation

The gravamen of Plaintiff's retaliation claim is that after she went to the EEOC and OHR to complain of Defendant's sexual harassment and employment discrimination, she was fired, not allowed back on Defendant's property, and is now ineligible to be re-hired. *See* Doc. No. 19 at 1-4.[2]

### Other Allegations

The balance of the Amended Complaint focuses on factual allegations against OHR, its employees, the EEOC, and Plaintiff's former attorney. Doc. No. 19 at 3-4. In Plaintiff's fourth heading entitled "GROUNDS FOR RELIEF", she states that Defendant "in compliance with the 'OHR' in Orlando, knowingly met to destroy my human life. . . ." Doc. No. 19 at 4. However, none of these entities or individuals are listed in the caption of the Amended Complaint as defendants.

---

[2]Defendant maintains that the Separation Agreement and Release entered into between Plaintiff and Defendant and the Negotiated Settlement Agreement entered into between the EEOC, OHR, Plaintiff and Defendant provided for the termination of Plaintiff's employment. *See generally* Doc. Nos. 5, 20.

**The Motion**

On July 10, 2009, Defendant filed a Motion to Dismiss Amended Complaint (the "Motion") arguing that the Amended Complaint should be dismissed because it is insufficient to allow Defendant to formulate a responsive pleading and because Plaintiff has ignored the Court's prior orders. Doc. No. 20 at 1-3. Defendant asserts that the Amended Complaint fails to comply with Rule 8(a) because it is "predominantly incomprehensible" and "utterly unintelligible." *Id*. at 4-5. Specifically, Defendant argues that because Plaintiff failed to set forth her Amended Complaint in numbered paragraphs with a short plain statement for each discrete claim in separate counts, the Amended Complaint is a shotgun pleading. *Id*. Moreover, Defendant asserts that the Amended Complaint fails to set forth "what injury she allegedly suffered in connection with her claims, which individual or entity is allegedly responsible for such injury, and what, if any, relief Plaintiff is seeking" with respect to each claim. *Id*. at 5. Defendant maintains that the Amended Complaint also sets forth numerous allegations against various third parties for which Defendant cannot properly respond. *Id*. Thus, Defendant argues that the Amended Complaint should be dismissed with prejudice. *Id*.

In the Motion, Defendant also renews its argument that it is entitled to summary judgment because "the facts alleged in Plaintiff's Amended Complaint now confirm that she knowingly and voluntarily waiver her rights" to bring a cause of action against Defendant. Doc. No. 20 at 6.

**The Response**

On July 31, 2009, Plaintiff filed a response (the "Response") to the Motion requesting that the Court not dismiss the action. Doc. No. 21. Plaintiff states that the Defendant wrongfully terminated her due to sexual harassment, employment discrimination, and retaliation. Doc. No. 21

at 1. In the Response, Plaintiff asserts claims against OHR and its employees. *Id*. Moreover, Plaintiff asserts that she never voluntarily relinquished her rights to bring this action against the Defendant. *Id*.

## II. LAW

**Rule 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or counterclaim may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). To satisfy the Rule 8 pleading requirements, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ.P. 8(a)(1). Moreover, a complaint must contain a short and plain statement showing an entitlement to relief and that statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his/her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.*

Rule 10(a), Federal Rules of Civil Procedure, provides that the title of a complaint must name all parties, and Rule 10(b), Federal Rules of Civil Procedure, requires a plaintiff to state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id*. "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecoms., Inc.*, 146 Fed.Appx. 368, 371 (11th Cir. 2005).

## III. ANALYSIS

While the Amended Complaint, in most respects, pleads enough facts to allow Defendant to form a responsive pleading, Plaintiff has failed to provide "a short and plain statement of the grounds upon which the court's jurisdiction depends." *See* Doc. No. 15 at 2.

**Jurisdiction**

Throughout the Amended Complaint, Plaintiff states that Defendant violated her "rights as a Hispanic female," but Plaintiff fails to state whether these claims are brought pursuant to federal or state law, and Plaintiff has failed to specifically plead a basis for this Court's jurisdiction. *See* Doc. No. 19. On two prior occasions, this Court has specifically instructed Plaintiff that she must provide a short and plain statement of the grounds upon which the Court's jurisdiction depends. *See* Doc. Nos. 15 at ¶ 5; 17. Nevertheless, Plaintiff has failed to do so. Plaintiff's failure to do so warrants dismissal of the Amended Complaint without prejudice. *See* generally *Bell v. Florida Highway Patrol*, 325 Fed.Appx. 758, 759-61 (11th Cir. 2009).[3]

---

[3] It is not clear from the Amended Complaint whether Plaintiff is asserting claims under state law, federal law, or both. It is possible Plaintiff is attempting to pursue claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* However, the purpose of Rule 8(a)(1) is to avoid such speculation and to require a clear and concise statement of the grounds upon which the Court has jurisdiction over a plaintiff's claims. In *Bell*, 325 Fed.Appx. at

Defendant maintains that Plaintiff's failure to plead a basis for this Court's jurisdiction warrants dismissal with prejudice. *See* Doc. No. 20 at 6. The undersigned recommends that the Court find that a dismissal with prejudice is not warranted at this juncture because, based on the factual allegations contained in the Amended Complaint, it is not "beyond doubt that the [P]laintiff can prove no set of facts in support of [her] claims which would entitle [her] to relief." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).

**Summary Judgment**

In the Motion, Defendant renews its argument that it is entitled to summary judgment because the documents submitted by Plaintiff show that she knowingly and voluntarily waived her rights to bring a lawsuit against Defendant. Doc. No. 20 at 6-8. However, in the Amended Complaint, Plaintiff specifically states that she was intimidated and forced to sign the Separation Agreement and Release and the Negotiated Settlement Agreement against her will. Doc. No. 19 at 3-4. Thus, the undersigned again recommends the Court find that summary judgment is not appropriate as to the issue of whether Plaintiff knowingly and voluntarily relinquished her rights to bring the instant lawsuit. *See* Doc. No. 12 at 11.

**Second Amended Complaint**

Because the Amended Complaint fails to contain a short and plain statement upon which the Court's jurisdiction over Plaintiff's claims depends, it is recommended that Plaintiff be given an opportunity to file a second amended complaint that complies with the provisions of Rules 8

---

759-61, the Eleventh Circuit reversed an order of the district court dismissing an amended complaint for failing to comply with Rule 8, Federal Rules of Civil Procedure. *Id*. The Eleventh Circuit stated that by citing to Title VII and 28 U.S.C. § 1343, and by providing a short and plain statement of her discrimination claims, the pro se plaintiff satisfied the pleading requirements of Rule 8. *Id*. The present case is distinguishable because Plaintiff fails to cite to any law or statute providing this Court with jurisdiction over her claims. *See* Doc. No. 19.

and 10, Federal Rules of Civil Procedure. It is also recommended that the Court direct Plaintiff to comply with the following directives:

**1)** Plaintiff shall place her full name in the caption of the case on the first page and provide her full name and current address in the appropriate section at the end of the complaint;

**2)** In the caption of the second amended complaint, Plaintiff shall name as defendant(s) only those persons or entities who are responsible for the alleged constitutional, statutory, common law, or other violations asserted by Plaintiff;

**3)** Plaintiff shall number each paragraph of the second amended complaint;

**4)** Plaintiff must provide the full name and current address for each defendant;

**5) Plaintiff shall specifically allege the basis upon which the Court has subject matter jurisdiction for each claim asserted**;

**6)** Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by each defendant (it is improper for Plaintiff to merely list constitutional rights or federal rights);

**7)** Plaintiff shall set forth each claim in a separate count;

**8)** Plaintiff must set forth a short plain statement of facts as to each claim and each defendant's involvement in the violation alleged in each claim;

**9)** Plaintiff must allege how Plaintiff has been damaged (how she was harmed or injured by the actions and/or omissions of the defendant(s)); and

**10)** Plaintiff must set forth a clear statement of the relief sought for each claim.

Furthermore, the undersigned recommends that the Court instruct Plaintiff that failure to file a second amended complaint will result in the case being dismissed without further warning.

IV. **CONCLUSION**

Based on the forgoing, the undersigned recommends that the Court:

1) **GRANT** the Motion (Doc. No. 20) to the extent that it seeks dismissal of the Amended Complaint and otherwise **DENY** the Motion;

2) **Dismiss the Amended Complaint without prejudice**; and

3) Provide Plaintiff an opportunity to file a second amended complaint consistent with the recommendations set forth above within twenty-one (21) days **after the Court enters its order on this report and recommendation**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this order to Plaintiff by Certified Mail.**

**Recommended** in Orlando, Florida on December 9, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
**Unrepresented Party by Certified Mail**