# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ARLENE M. RIVERA,

    Plaintiff,

-vs-                              Case No. 6:08-cv-1936-Orl-28GJK

VANGUARD CAR RENTAL,

    Defendant.
_____

# ORDER

This case is before the Court on Defendant's Motion to Dismiss Amended Complaint (Doc. No. 20) filed July 10, 2009, Plaintiff's Motion requesting a Court Order for her to apply for unemployment (Doc. 39) filed January 4, 2010, and Defendant's Notice of Compliance (Doc. 42) filed January 8, 2010. The United States Magistrate Judge has submitted a report recommending that the Motion to Dismiss (Doc. No. 20) be granted in part and denied in part.

After an independent *de novo* review of the record in this matter, and consideration of the objections filed by Defendant (Doc. No. 33) and Plaintiff (Doc. Nos. 34, 41), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. The Court notes however, the very heavy burden Plaintiff carries in proving she signed the "Separation Agreement and Release" and the "Negotiated Settlement Agreement" against her will as she asserts in her Amended Complaint. The "Separation Agreement and Release" states that Plaintiff entered into the Agreement freely and voluntarily without any duress or coercion, and after carefully and completely reading

and understanding all of the terms and provisions of the Agreement. (Am. Compl. Doc. No. 20, p. 8, ¶ 12). Further, Plaintiff asserts she went to the mediation that resulted in the "Separation Agreement and Release" with an attorney. (Am. Compl. Doc. No. 20, p. 3). Plaintiff should be aware that the prevailing party in this lawsuit may be entitled to an award of attorney's fees and costs from the party that does not prevail.

In light of these considerations and the analysis provided in the Report and Recommendation, Plaintiff is granted leave to file a second amended complaint but she must assert, as a minimum, whether her claims are brought pursuant to federal or state law, and the basis for this Court's jurisdiction.

It is **ORDERED** as follows:

1. That the Report and Recommendation filed December 9, 2009 (Doc. No. 29) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Defendant's Motion to Dismiss Amended Complaint (Doc. No. 20) is **GRANTED in part** and **DENIED in part.** It is granted to the extent that it seeks dismissal of the Amended Complaint; the Amended Complaint (Doc. No. 19) is dismissed without prejudice.

3. Plaintiff may file a second amended complaint no later than February 12, 2010. The second amended complaint must comply with the following:

    a.    Plaintiff shall place her full name in the caption of the case on the first page and provide her full name and current address in the appropriate section at the end of the complaint;

    b.    In the caption of the second amended complaint, Plaintiff shall name as defendant(s), only those persons or entities who are responsible for the alleged constitutional, statutory, common law, or other violations asserted by Plaintiff;

    c.    Plaintiff shall number each paragraph of the second amended complaint;

    d.    Plaintiff must provide the full name and current address for each defendant;

    e.    **Plaintiff shall specifically allege the basis upon which the Court has subject matter jurisdiction for each claim asserted;**

    f.    Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by each defendant (it is improper for Plaintiff to merely list constitutional rights or federal rights);

    g.    Plaintiff shall set forth each claim in a separate count;

    h.    Plaintiff must set forth a short and plain statement of facts as to each claim and each defendant's involvement in the violation alleged in each claim;

    I.    Plaintiff must allege how Plaintiff has been damaged (how she was harmed or injured by the actions and/or omissions of the defendant(s)); and,

    j.    Plaintiff must set forth a clear statement of the relief sought for each claim.

Plaintiff is admonished that failure to *file* a second amended complaint by February 12, 2010, will result in her case being dismissed. Plaintiff is also admonished that failure to file a second amended complaint that complies with the requirements set forth herein, may result in her case being dismissed with prejudice.

Plaintiff's request "for a Court Order for me to apply and receive unemployment" (Doc. No. 39) is **DENIED**. This Court is not the appropriate forum for such a request.

On December 29, 2009, the parties were ordered to *file* a Joint Case Management Report ("CMR") no later than January 8, 2010 (Doc. No. 35). Plaintiff filed "objections" on January 7, 2010 (Doc. No. 41) urging the Court to adopt her CMR, but did not set forth why

she did not and could not comply with this Court's Order of filing a Joint CMR. On January 8, 2010, Defendant filed its Notice of Compliance with this Court's December 29, 2009 Order, filed a Proposed CMR, and set forth the attempts it made to work with Plaintiff to file a Joint CMR (Doc. No. 42). It is apparent to the Court that Plaintiff disregarded this Court's Order. Accordingly, the CMR submitted by Defendant is accepted; a separate Case Management and Scheduling Order will be entered based on Defendant's CMR.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this _12_ day of January, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party