# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ARLENE M. RIVERA,**

        **Plaintiff,**

**-vs-**                                            Case No. 6:08-cv-1936-Orl-28GJK

**VANGUARD CAR RENTAL USA, INC.,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO DISMISS SECOND AMENDED COMPLAINT**
> **(Doc. No. 48)**
>
> **FILED:**    **February 11, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED and the case be dismissed with prejudice.**

## I.   BACKGROUND.

    On November 14, 2008, *pro se* Plaintiff Arlene M. Rivera (the "Plaintiff") filed a complaint (the "Complaint") against Vanguard Car Rental USA, Inc. (the "Defendant" or "Vanguard") alleging sexual harassment, retaliation, and employment discrimination. Doc. No. 1.

The Complaint described two complaints filed with the Equal Employment Opportunity Commission (the "EEOC") and the Orlando Office of Human Relations (the "OHR") alleging sexual harassment and discrimination by Defendant. Doc. No. 1. In the Complaint, Plaintiff did not allege a basis for the Court's jurisdiction. Doc. No. 1. Moreover, Plaintiff did not, in any way, describe the sexual harassment or discrimination she suffered by the Defendant. Doc. No. 1.

On December 22, 2008, the Defendant filed a Motion for Summary Judgment, or Alternatively, Motion to Dismiss or for More Definite Statement (the "Motion for Summary Judgment"). Doc. No. 5. On April 10, 2009, the undersigned entered a report and recommendation to the District Court recommending that the Complaint be dismissed without prejudice and Plaintiff be provided an opportunity to file an amended complaint within ten days. Doc. No. 12 at 10. On May 22, 2009, the Honorable John Antoon II, entered an order (the "Order") adopting the report and recommendation. Doc. No. 15. In the Order, Judge Antoon directed Plaintiff accordingly:

> Plaintiff may file an Amended Complaint within ten (10) days of the date of this Order. Plaintiff is admonished that in filing her amended complaint and pursuing her claims, she must comply with the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, the Federal Rules of Evidence and the applicable substantive law. In particular, Plaintiff's Amended Complaint must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain " <u>a short and plain statement of the grounds upon which the court's jurisdiction depends</u>" and "a short and plain statement of the claim showing that the pleader is entitled to relief."

Doc. No. 15 at 2 (emphasis added). The Court warned Plaintiff that failure to file an amended complaint within ten (10) days "will result in the dismissal and closure of this case." *Id*. at 2 ¶ 7.

On June 5, 2009, Plaintiff filed a Motion to Amend Complaint Against the Defendant (the "Motion to Amend"). Doc. No. 16. Although the Motion to Amend's title requested relief to file an amended complaint, the body of the Motion to Amend simply set forth allegations against the Defendant, did not allege a basis for the Court's jurisdiction, and did not request any specific relief. Doc. No. 16. The Court denied the Motion to Amend as moot to the extent it requested an opportunity to file an amended complaint because Plaintiff had already been directed to file an amended complaint. Doc. No. 17.[1] The Court granted Plaintiff an opportunity to file an amended complaint within ten days. *Id*. The Court again warned Plaintiff that:

> If Plaintiff chooses to file an amended complaint, she must comply with Local Rules, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the applicable substantive law as set forth in Judge Antoon's order. *See* Doc. No. 15." Failure to file an amended complaint within ten (10) days will result in the dismissal and closure of this case.

Doc. No. 17 at 3.

### A.     **The Amended Complaint.**

On June 25, 2009, Plaintiff filed an amended complaint (the "Amended Complaint") stating that she wished to "[r]equest an amended complaint and an equitable modification to the agreement." Doc. No. 19. The caption of the Amended Complaint named only one defendant, Vanguard. *Id*. The Amended Complaint failed to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends," and fails to request any specific relief other than unspecified "damages". Doc. No. 19. In short, Plaintiff alleged: 1) employment

---

[1] To the extent the Motion to Amend was an attempt to file an amended complaint, the Court denied the Motion to Amend because it was not properly filed as such. Doc. No. 17.

discrimination based on race and gender; 2) sexual harassment; and 3) retaliation against the Defendant. Doc. No. 19.

On July 10, 2009, Defendant moved to dismiss Amended Complaint arguing that it was insufficient to allow Defendant to formulate a responsive pleading and because Plaintiff had ignored the Court's prior orders. Doc. No. 20 at 1-3. On December 9, 2009, the undersigned entered a report recommending that the Amended Complaint be dismissed without prejudice and Plaintiff be afforded an opportunity to file a second amended complaint. Doc. No. 29. On January 12, 2010, the Court entered an order (the "Order") dismissing the Amended Complaint without prejudice and directing Plaintiff to file a second amended complaint. Doc. No. 43. The Order states that "Plaintiff is granted leave to file a second amended complaint but she must assert, as a minimum, whether her claims are brought pursuant to federal or state law, and the basis for this Court's jurisdiction." Doc. No. 43 at 2. The Order further directed:

> The second amended complaint must comply with the following:
>
> **a.** Plaintiff shall place her full name in the caption of the case on the first page and provide her full name and current address in the appropriate section at the end of the complaint;
> **b.** In the caption of the second amended complaint, Plaintiff shall name as defendant(s) only those persons or entities who are responsible for the alleged constitutional, statutory, common law, or other violations asserted by Plaintiff;
> **c.** Plaintiff shall number each paragraph of the second amended complaint;
> **d.** Plaintiff must provide the full name and current address for each defendant;
> **e.** **Plaintiff shall specifically allege the basis upon which the Court has subject matter jurisdiction for each claim asserted**;
> **f.** Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly

4

|       |                                                                                                                                                                       |
| :---- | :-------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|       | been violated by each defendant (it is improper for Plaintiff to merely list constitutional rights or federal rights);                                                |
| **g.** | Plaintiff shall set forth each claim in a separate count;                                                                                                             |
| **h.** | Plaintiff must set forth a short plain statement of facts as to each claim and each defendant's involvement in the violation alleged in each claim;                   |
| **i.** | Plaintiff must allege how Plaintiff has been damaged (how she was harmed or injured by the actions and/or omissions of the defendant(s)); and                         |
| **j.** | Plaintiff must set forth a clear statement of the relief sought for each claim.                                                                                       |

Doc. No. 43 at 2-3 (emphasis in original). The Court warned that "failure to file a second amended complaint that complies with the requirements set forth herein, may result in her case being dismissed with prejudice." Doc. No. 43 at 3.

### B. <u>Second Amended Complaint</u>.

On February 25, 2010, Plaintiff timely filed a second amended complaint (the "Second Amended Complaint"). Doc. No. 47. In the caption of the Second Amended Complaint, Plaintiff adds OHR and Jose Garcia, Esq. as party defendants, but in the body of the Second Amended Complaint names Terrance Latimore, Mimi Prophet, Vivian Burbage, Malty Rivera, Mr. Ross, Virginia Moore, and Shirley James as additional defendants. Doc. No. 47 at 1.[2] The Second Amended Complaint generally sets forth the same factual allegations as in the Amended Complaint, but again fails to: state whether her claims are brought pursuant to state or federal law; specifically allege the basis upon which the Court has subject matter jurisdiction; and set forth each claim in a separate count. Doc. No. 47.

---

[2] No returns of service have been filed for any of the additional defendants named in the caption or the body of the Second Amended Complaint.

5

On February 11, 2010, Defendant filed a Motion to Dismiss Second Amended Complaint (the "Motion") arguing that the case should be dismissed with prejudice because: 1) the Second Amended Complaint fails to Comply with the Order to the extent Plaintiff has failed to allege a basis upon which the Court has subject matter jurisdiction, to set forth each claim in a separate count, and to provide Defendant with adequate notice of the claims asserted against it; and 2) Plaintiff voluntarily relinquished her right to bring this action. Doc. No. 48. On February 25, 2010, Plaintiff filed a response (the "Response") in opposition to the Motion. Doc. No. 49. Plaintiff argues that the Second Amended Complaint should not be dismissed because she is not an attorney and the Court cannot expect her complaint to be perfect. Doc. No. 49 at ¶ 2.

In the Response, Plaintiff does not address whether the Second Amended Complaint is brought pursuant to federal or state law, her failure to state a basis for upon which the Court has jurisdiction, or her failure to set forth each claim against each defendant in a separate count. Doc. No. 49. Plaintiff does argue that she did not knowingly or voluntarily relinquish her right to bring this action because she was coerced into signing the release. Doc. No. 49 at ¶¶ 3-8. Plaintiff requests a trial on her Second Amended Complaint and that the Court accept her Case Management Report instead of the Defendant's. Doc. No. 49 at ¶¶ 9, 11-13.[3]

**II.  ANALYSIS.**

To satisfy the Rule 8 pleading requirements, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ.P. 8(a)(1). Throughout the Second Amended Complaint, Plaintiff states that Defendant violated her "rights as a Hispanic female," but Plaintiff fails to state whether these claims are brought pursuant to federal or state

---

[3] In the Order, the Court adopted the Case Management Report submitted by the Defendant. Doc. No. 43 at 3-4.

6

law, and Plaintiff has failed to specifically plead a basis for this Court's jurisdiction. *See* Doc. No. 47. On three prior occasions, this Court has specifically directed Plaintiff to provide a short and plain statement of the grounds upon which the Court's jurisdiction depends. *See* Doc. Nos. 15 at ¶ 5; 17, 43. Plaintiff has failed to do so. In the Order, the Court warned Plaintiff that failure to comply with the Court's requirements may result in the case being dismissed with prejudice. Doc. No. 43 at 3. In the Response, Plaintiff did not assert a basis upon which the Court has subject matter jurisdiction and did not address why the Second Amended Complaint failed to set forth the same. Doc. No. 49. The Court has provided Plaintiff with specific instructions and three opportunities to adequately allege a basis upon which the Court has jurisdiction over her claims. A *pro se* plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Accordingly, the undersigned recommends that the Court dismiss the case with prejudice.[4]

### III. CONCLUSION

Based on the forgoing, the undersigned recommends that the Court:

1) **GRANT** the Motion (Doc. No. 48); and

2) **Dismiss the case with prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[4] Because the undersigned recommends that the case be dismissed with prejudice due to Plaintiff's failure to allege a basis upon which the Court has jurisdiction, it is unnecessary to address Defendant's contention that Plaintiff voluntarily waived her right to bring the action.

**The Clerk is directed to send a copy of this order to Plaintiff by Certified Mail.**

**Recommended** in Orlando, Florida on May 7, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
**Unrepresented Party by Certified Mail**